1

Case 1:98-cr-00212-AMD   Document 85-2   Filed 04/29/2008   Page 1 of 6

This compilation is a "reader-friendly" version of the amendments to the commentary to §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) and policy statement §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) promulgated by the Commission on April 16, 2008. Official text of the amendments will be posted on the Commission's website at www.ussc.gov and can be found in a forthcoming edition of the Federal Register. The official text of the amendments also will be incorporated into a forthcoming supplement to the Guidelines Manual.

These amendments take effect May 1, 2008. Until that date, the court should apply §2D1.1 as set forth in the 2007 Guidelines Manual, and §1B1.10 as set forth in the Supplement to the 2007 Guidelines Manual effective March 3, 2008.

**Crack Cocaine**

1.  **Synopsis of Amendment**: *This amendment modifies the commentary to §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to revise the manner in which combined offense levels are determined in cases involving cocaine base ("crack cocaine") and one or more other controlled substance. Specifically, Application Note 10(D) has resulted in certain sentencing anomalies in which some offenders have not received the benefit of the two-level reduction provided by Amendment 706 merely because of the conversion of cocaine base to its marihuana equivalent, and some offenders have received a reduction greater than intended. (See USSC Guidelines Manual, Supplement to Appendix C, Amendment 706) (November 1, 2007)).*

    *In order to remedy these anomalies, this amendment modifies the Drug Equivalency Tables to provide that 1 gram of cocaine base equals 20 kilograms of marihuana, as it did prior to Amendment 706, and amends Application Note 10(D) to provide that the combined offense level for an offense involving cocaine base and one or more other controlled substance is determined initially in the same manner as for other polydrug cases under Application Note 10(B). In order to effectuate the two-level reduction intended by Amendment 706, this amendment further provides that the resulting combined offense level is reduced by two levels. However, the amendment provides three exclusions to application of the two-level reduction. First, the two-level reduction does not apply if the offense involved 4.5 kilograms or more of cocaine base because the offense levels for such offenses were unaffected by Amendment 706. Second, the two-level reduction does not apply if the offense involved less than 250 mg of cocaine base in order to ensure that the offense level does not reduce below level 12, the minimum offense level in the Drug Quantity Table for offenses involving cocaine base. Third, the two-level reduction does not apply if it would result in a combined offense level that is less than the combined offense level that would apply if the offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base). This third exclusion ensures that offenses involving controlled substances other than cocaine base do not receive a lower offense level than they otherwise would receive merely because cocaine base also is involved in the offense.*

1

§2D1.1.     **Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy**

* * *

(c) DRUG QUANTITY TABLE

* * *

*Notes to Drug Quantity Table:

* * *

*Commentary*

* * *

*Application Notes:*

* * *

10.   *Use of Drug Equivalency Tables.—*

* * *

~~(D)     Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances.—~~

~~(i)     In General.—If the offense involves cocaine base ("crack") and one or more other controlled substance, determine the base offense level as follows:~~

~~(I)     Determine the base offense level for the quantity of cocaine base involved in the offense.~~

~~(II)    Using the marihuana equivalency obtained from the table in this subdivision, convert the quantity of cocaine base involved in the offense to its equivalent quantity of marihuana.~~

| ~~Base Offense Level~~ | ~~Marihuana Equivalency~~ |
|---|---|
| ~~38~~ | ~~6.7 kg of marihuana per g of cocaine base~~ |
| ~~36~~ | ~~6.7 kg of marihuana per g of cocaine base~~ |
| ~~34~~ | ~~6 kg of marihuana per g of cocaine base~~ |
| ~~32~~ | ~~6.7 kg of marihuana per g of cocaine base~~ |
| ~~30~~ | ~~14 kg of marihuana per g of cocaine base~~ |
| ~~28~~ | ~~11.4 kg of marihuana per g of cocaine base~~ |
| ~~26~~ | ~~5 kg of marihuana per g of cocaine base~~ |
| ~~24~~ | ~~16 kg of marihuana per g of cocaine base~~ |
| ~~22~~ | ~~15 kg of marihuana per g of cocaine base~~ |
| ~~20~~ | ~~13.3 kg of marihuana per g of cocaine base~~ |
| ~~18~~ | ~~10 kg of marihuana per g of cocaine base~~ |

2

~~16        10 kg of marihuana per g of cocaine base~~
~~14        10 kg of marihuana per g of cocaine base~~
~~12        10 kg of marihuana per g of cocaine base~~

~~(III)   Determine the combined marihuana equivalency for the other controlled substance or controlled substances involved in the offense as provided in subdivision (B) of this note.~~

~~(IV)   Add the quantity of marihuana determined under subdivisions (II) and (III), and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.~~

~~(ii)   Example.—The case involves 1.5 kg of cocaine, 10 kg of marihuana, and 20 g of cocaine base. Under the Drug Quantity Table, 20 g of cocaine base corresponds to a base offense level of 26. Pursuant to the table in subdivision (II), the base offense level of 26 corresponds to a marihuana equivalency of 5 kg per gram of cocaine base. Therefore, the equivalent quantity of marihuana for the cocaine base is 100 kg (20 g x 5 kg = 100 kg). Pursuant to subdivision (B), the equivalent quantity of marihuana for the cocaine and marihuana is 310 kg. (The cocaine converts to an equivalent of 300 kg of marihuana (1.5 kg x 200 g = 300 kg), which, when added to the 10 kg of marihuana, results in an equivalent quantity of 310 kg of marihuana.) Adding the equivalent quantities of marihuana of all three drug types results in a combined quantity of 410 kg of marihuana (100 kg + 310 kg = 410 kg), which corresponds to a combined base offense level of 28 in the Drug Quantity Table.~~

(D)   *Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances.—*

    (i)   *In General.*—Except as provided in subdivision (ii), if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.

    (ii)   *Exceptions to 2-level Reduction .*—The 2-level reduction provided in subdivision (i) shall not apply in a case in which:

        (I) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base; or

        (II) the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (*i.e.*, the controlled substance(s) other than cocaine base).

3

(iii) *Examples.*—

(I) The case involves 20 gm of cocaine base, 1.5 kg of cocaine, and 10 kg of marihuana. Under the Drug Equivalency Tables in subdivision (E) of this note, 20 gm of cocaine base converts to 400 kg of marihuana (20 gm x 20 kg = 400 kg), and 1.5 kg of cocaine converts to 300 kg of marihuana (1.5 kg x 200 gm = 300 kg), which, when added to the 10 kg of marihuana results in a combined equivalent quantity of 710 kg of marihuana. Under the Drug Quantity Table, 710 kg of marihuana corresponds to a combined offense level of 30, which is reduced by two levels to level 28. For the cocaine and marihuana, their combined equivalent quantity of 310 kg of marihuana corresponds to a combined offense level of 26 under the Drug Quantity Table. Because the combined offense level for all three drug types after the 2-level reduction is not less than the combined base offense level for the cocaine and marihuana, the combined offense level for all three drug types remains level 28.

(II) The case involves 5 gm of cocaine base and 6 kg of heroin. Under the Drug Equivalency Table in subdivision (E) of this note, 5 gm of cocaine base converts to 100 kg of marihuana (5 gm x 20 kg = 100 kg), and 6 kg of heroin converts to 6,000 kg of marihuana (6,000 gm x 1 kg = 6,000 kg), which, when added together results in a combined equivalent quantity of 6,100 kg of marihuana. Under the Drug Quantity Table, 6,100 kg of marihuana corresponds to a combined offense level of 34, which is reduced by two levels to 32. For the heroin, the 6,000 kg of marihuana corresponds to an offense level 34 under the Drug Quantity Table. Because the combined offense level for the two drug types after the 2-level reduction is less than the offense level for the heroin, the reduction does not apply and the combined offense level for the two drugs remains level 34.

(E) *Drug Equivalency Tables.*—

\* \* \*

Cocaine and Other Schedule I and II Stimulants (and their immediate precursors)*

\* \* \*

1 gm Phenylacetone/P$_2$P (when possessed for the purpose of manufacturing methamphetamine) = 416 gm of marihuana

1 gm Phenylacetone/P$_2$P (in any other case) = 75 gm of marihuana

1 gm Cocaine Base ("Crack") = 20 kg of marihuana

1 gm of Aminorex = 100 gm of marihuana

\* \* \*

4

**Retroactivity**

2. **Synopsis of Amendment:** *This amendment expands the listing in §1B1.10(c) to implement the directive in 28 U.S.C. § 994(u) with respect to guideline amendments that may be considered for retroactive application. The Commission has determined that Amendment 715 should be applied retroactively for the reasons accompanying Amendment 713. (See USSC* Guidelines Manual, Supplement to the 2007 Supplement to Appendix C, *Amendment 713) (March 3, 2008)).*

§1B1.10.   <u>Reduction in Term of Imprisonment as a Result of Amended Guideline Range</u> (Policy Statement)

* * *

(c)   <u>Covered Amendments</u>.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, ~~and~~ 706 as amended by 711, and 715.

5